ZU HUI LI, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–4422–AG.

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Ramesh K. Shrestha, New York, NY, for Petitioner.

Rodger A. Heaton, United States Attorney, Central District of Illinois, Hilary W. Frooman, Assistant United States Attorney, Urbana, IL, for Respondent.

Present: RALPH K. WINTER, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Zu Hui Li (A77 318 263), a native and citizen of the People's Republic of China, petitions for review of the July 20, 2005 order of the Board of Immigration Appeals ("BIA") affirming Immigration Judge ("IJ") Adam Opaciuch's July 2, 2004 decision denying Li's applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Zu Hui Li*, No. A 77 318 263 (B.I.A. July 2, 2005), *aff'g* No. A 77 318 263 (Immig. Ct. N.Y. City July 2, 2004). We assume the parties' familiarity with the facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion and, "without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review questions of law *de novo*, including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (internal quotation marks omitted). We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ A petitioner must administratively exhaust his or her claims before raising them in a petition for review. *See* 8

U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (per curiam). Li waived any challenge to the IJ's denial of his application for withholding of removal and CAT relief because he did not meaningfully raise these issues with the BIA.

■ Contrary to the agency's conclusion, Li's failure to corroborate his assertion that the date of his camera was permanently set to 1995 was not necessarily fatal to his case. If an IJ "intends to rely on the absence of certain corroborative evidence to hold that an applicant has not satisfied his burden of proof, [the IJ] must give the applicant an opportunity to explain its absence," *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 394–95 (2d Cir.2005), or "to submit what may be readily available evidence," *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir.2006). These requirements were designed "not only to guard against arbitrary and excessive requests by an IJ, but also, and equally importantly, to guarantee applicants an opportunity to remedy the supposed evidentiary gap." *Id.* (internal citations omitted). In this case, although the IJ found it necessary for Li to provide the camera, or affidavits corroborating the set date on the camera, the IJ failed to provide Li with the opportunity to obtain or submit such evidence. Because the IJ's reliance on Li's failure to corroborate in this regard was improper, his conclusion that Li failed to establish a past relationship with his former girlfriend was unfounded.

■ The IJ further erred in determining that Li had failed to establish a well-founded fear of future persecution because his mother, who owned the family house, had not been arrested or detained. The record indicates that Li's mother was 80 years old and, although she had not been officially pursued by Chinese authorities, the police did "c[o]me to search [her] house and destroyed the TV and some furniture." Li's testimony that the police had targeted him instead of his elderly mother was not implausible, especially in light of the fact that Li's girlfriend practiced Falun Gong, Li had bought Falun Gong materials, and Li was basically considered the owner of the house because of his mother's advanced age.

■ Additionally, the IJ erred in finding that Li did not have a well-founded fear of future persecution because he "no longer maintain[ed] any type of relationship with" his former girlfriend, there was no evidence in the record indicating that the police continued to look for him, and the record did not indicate that an arrest warrant or subpoena had been issued for him. Although the record does not indicate that an arrest warrant or subpoena had been issued for Li, the record does, in fact, indicate that the police continued looking for him after he had escaped his hometown. Li's undisputed testimony and his mother's letter state that the police had returned to Li's family home numerous time to arrest Li after he had fled.

■ The IJ also improperly determined that if Li were to return to China he "would not come to the attention of the authorities, especially if he w[ere] to move to another area." The regulation on relocation mandates a two-part inquiry: whether relocation would be successful in avoiding persecution and whether it would be reasonable. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (b)(3). While the IJ found that relocation would be successful in avoiding persecution, he failed to indicate that he had analyzed whether it was reasonable under all the circumstances for Li to relocate to his hometown. Even if Li would not suffer persecution by relocating, if relocation is unreasonable, Li's well-founded fear of persecution is not rebutted. *See id.* Therefore, remand is re-

quired for the BIA to make the requisite determination of whether relocation would be reasonable.

Finally, both the IJ and the BIA erred in their determination that Li failed to establish past persecution or a fear of future persecution on account of an enumerated ground. The IJ and the BIA based their determinations on Li's testimony that he did not practice Falun Gong. However, while the BIA found "no basis to infer that the Chinese authorities identified [Li] as a Falun Gong practitioner," the IJ failed to address the possibility that the Chinese authorities would have perceived Li as a supporter of the Falun Gong movement because of his activities. This Court has stated that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [Immigration and Nationality] Act." *Chun Gao v. Gonzales*, 424 F.3d 122 (2d Cir. 2005) (internal quotation marks omitted). In *Gao*, this Court held that an individual who made clear through his testimony and asylum application that the government thought he was a practitioner of Falun Gong and that he had a well-founded fear of persecution on that basis is eligible for asylum. *Id.* at 129–30. In the current case, Li made clear that he feared persecution because the government believed that he practiced Falun Gong since his girlfriend had practiced Falun Gong in his family's house, and after her arrest, the government found and confiscated Falun Gong materials that Li had purchased for her. The BIA's determination that there was "no basis to infer that the Chinese authorities identified [Li] as a Falun Gong practitioner," is not supported by the record, where Li established through his undisputed testimony and through the letters submitted into evidence that the Chinese authorities had searched for him numerous times after his girlfriend's arrest and confiscated Falun Gong materials in his home.

The fact that Li testified to having harbored his girlfriend while she was practicing Falun Gong, and having bought Falun Gong materials on her behalf, provides a basis for the authorities to have perceived Li as a supporter of the Falun Gong movement. While it is Li's burden to prove that the Chinese government actually thought he practiced Falun Gong and that he has a reasonable fear he would be persecuted as a result, *see Gao*, 424 F.3d at 130, the IJ did not consider imputed political opinion as a basis for Li's asylum claim. Therefore, the case must be remanded so that the agency can determine if Li is eligible for asylum on account of imputed political opinion, taking into account Li's undisputed testimony and the documents submitted into evidence.

For the foregoing reasons, Li's petition for review of the BIA's denial of his motion for reconsideration is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The pending motion for a stay of removal in this petition is DENIED as moot.